IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID PERDUE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-044-SLR |
| | ) |
| CITY OF WILMINGTON, DELAWARE, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff David Perdue ("plaintiff"), proceeds pro se and has been granted in forma pauperis status. He filed this complaint for violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., 28 C.F.R. 35.130, the Fair Housing Act, 42 U.S.C. § 3601, et seq., 24 C.F.R. 100.500, and 42 U.S.C. § 1983 and § 1985 all in relation to condemnation of property where he resided. (D.I. 2)

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere

conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Allegations in the Complaint.** Named as defendants are the City of Wilmington ("City of Wilmington"), Wilmington Fire Chief Anthony Goode ("Goode"), Wilmington Department of Licenses & Inspections Commissioner Jeffrey Starkey ("Starkey"), Delmarva Power and Light Company ("Delmarva"), Legal Services Corp. ("Legal Services"), United Way of Delaware ("United Way"), CEO of the Delaware Human Relations Commission Ramona Fullwood ("Fullwood"),[1] and City of Wilmington employee Jessica Ramos-Valesquez ("Ramos"). Plaintiff alleges that he is disabled by reason of mental illness. He is affiliated with the Disabled, Disadvantaged Delawareans also known as the 3D Foundation ("3D"), and lived on property owned by 3D located at 1028 West Third Street in Wilmington, Delaware.

---

[1]Fullwood is improperly named. The Director of the Delaware Division of Human Relations is Romona Fullman. *See* http://statehumanrelations.delaware.gov/director.shtml.

7. On May 22, 2013, the house was emptied by Goode and Starkey. Goode "forced" Delmarva to shut off the utilities. Plaintiff alleges that defendants' actions were not justified and that he "remained homeless." He seeks compensatory and punitive damages, and injunctive relief to lift the condemnation and to desist condemnations without just cause.

8. **Discussion**. The complaint, as it now stands, fails to state a claim upon which relief may be granted. While not clear, it appears that the real property in issue was condemned for municipal code violations given that plaintiff alleges that Goode and Starkey "emptied the house." However, the complaint is silent on the condemnation process or if there was an appeal of the condemnation. In addition, while the City of Wilmington, Legal Services, the United Way, Fullwood, and Ramos are named as defendants, there are no allegations directed towards them.[2] In addition, plaintiff alleges in a conclusory manner discrimination based upon a disability. Finally, the complaint invokes numerous statutes without allegations to support causes of actions under them. Accordingly, the court will dismiss the complaint for failure to state a claim upon which relief may be granted. However, since it appears plausible that plaintiff may be able to articulate a claim against the defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. See *O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished) (leave to amend is proper where

---

[2] Noteworthy is that some of the statutes upon which plaintiff relies require that the person who caused the alleged constitutional deprivation acted under color of state law. Some of the named defendants are not state actors.

the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

9. **Conclusion**. For the above reasons, the complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given an opportunity to amend the complaint. A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE