IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID PERDUE,                              )
                                           )
            Plaintiff,                     )
                                           )
     v.                                    ) Civ. Action No. 14-044-SLR
                                           )
CITY OF WILMINGTON, DELAWARE,              )
et al.,                                    )
                                           )
            Defendants.                    )

## MEMORANDUM

1. **Introduction**.  Plaintiff David Perdue ("plaintiff"), proceeds pro se and has

been granted in forma pauperis status.  Upon screening, the original complaint was

dismissed and plaintiff was given leave to amend.  The amended complaint, filed April

17, 2014, alleges violations of:  (1) the First, Fourth, and Fourteenth Amendments to

the United States Constitution; (2) the Fair Housing Act, 42 U.S.C. § 3601, et seq. and

specifically §§ 3604, 3604(d), (f)(1), (f)(2), and (f)(3)(B); (3) the Americans with

Disabilities Act, 42 U.S.C. § 12101, et seq.; (4) 24 C.F.R. § 100, et seq. and specifically

§§ 100.60(b)(4) and (b)(5), § 100.65, §§ 100.70(a) through (c), (d)(4) and (d)(5),

§§ 100.500(a) through (c); and, (5) 28 C.F.R. § 35, et seq, and specifically §§ 35.100

and 35.134(a) and (b), all in relation to eviction from properties where he resided.  (D.I.

9)

2. **Standard of Review**.  This court must dismiss, at the earliest practicable

time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim,

or seek monetary relief from a defendant who is immune from such relief.  *See* 28

U.S.C. § 1915(e)(2).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. **Discussion**.  The amended complaint does not contain a prayer for relief that explains what relief plaintiff seeks from the court.  Federal Rule of Civil Procedure 8(a)(2) and (3) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "a demand for the relief," Fed. R. Civ. P. 8(a)(3)." *See e.g.*, *Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007) (unpublished). *See also, Klein v. Pike Cnty. Comm'rs*, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011) (failure to articulate a prayer for relief compels dismissal).  Plaintiff's failure to specify relief of any sort of relief weighs in favor of dismissal for noncompliance with Rule 8. *See Liggon-Redding v. Souser*, 352 F. App'x 618, 619 (3d Cir. 2009) (unpublished) (affirming dismissal without prejudice where complaint failed to identify relief sought).  Because the amended complaint does not contain a prayer for relief, it will be dismissed without prejudice.

4. **Conclusion**.  For the above reasons, the amended complaint will be dismissed without prejudice pursuant to Fed. R. Civ. P. 8(a)(3).  Plaintiff will be given

2

one final opportunity to amend the complaint to cure the pleading defects. A separate order shall issue.

UNITED STATES DISTRICT JUDGE

Date: June 26, 2014